225 P.2d 697

**HOWARD v. SINGLETON.**

No. 5335.

Supreme Court of New Mexico.

Dec. 26, 1950.

John F. Russell, Roswell, for appellant.

Quinn & Cox, Clovis, for appellee.

McGHEE, Justice.

This is an appeal from a judgment awarding the appellee damages in the sum of $700 for malicious prosecution. We will refer to the parties as they appeared in the trial court.

The defendant filed a complaint in the justice of the peace court at Carrizozo, New Mexico, charging the plaintiff with the offense of removing and concealing mortgaged cattle in violation of Sec. 41-2140, 1941 Compilation. In due course, Howard was bound over to the District Court and thereafter the District Attorney filed an information charging him with such offense. In the meantime suit had been filed by Singleton to foreclose his mortgage. Upon the appearance of Howard and Singleton in the District Court they settled the civil action, and the District Attorney then dismissed the criminal charge.

The cattle had been moved to Texas and later to Oklahoma. Subsequently this suit was filed. Howard and his witnesses testified on the trial of this case that the cattle were moved with the oral consent of Singleton; Singleton denied this testimony.

The trial court found that Singleton knew at the time of the filing of the criminal complaint that no cause existed therefor, that its filing was malicious and that Howard had been damaged in the sum of $700.

The defendant strongly urges that the judgment must be reversed because the record affirmatively shows that Howard did not have the written consent of Singleton to move the cattle from the Howard ranch into the State of Texas. Sec. 41-2140, 1941 Compilation, reads as follows: "Any person having conveyed to another any personal property by chattel mortgage or other instrument in writing having the effect of a mortgage or lien upon such property, who during the existence of such mortgage or lien, shall sell, transfer, conceal, take, drive or carry away, or in any

manner dispose of such property or any part thereof, exceeding the value of one hundred dollars ($100), or cause or suffer the same to be done, without the written consent of the holder of such mortgage or lien, shall be guilty of a felony, and on conviction shall be fined in a sum not exceeding five thousand dollars ($5,000) or be punished by imprisonment in the penitentiary for a period of not less than one (1) year nor more than three (3) years, or both such fine and imprisonment in the discretion of the court."

This particular statute and its companion, Sec. 41-2143, 1941 Compilation, relating to chattels held under conditional sales contracts, were before us in State v. Shedoudy, 45 N.M. 516, 118 P.2d 280, 283. The statutes are identical except that one covers chattel mortgages and the other conditional sales agreements. In that case the defendant had been convicted and sentenced to the penitentiary upon a charge by information that he "did unlawfully and feloniously, having obtained possession of certain personal property of the General Motors Acceptance Corporation by virtue of conditional sales contract, take, carry away and conceal said personal property, to-wit, one * * * Chevrolet sedan * * * of the value of more than $100, while title to said personal property was in the General Motors Acceptance Corporation, and without the consent of the title owner of said property."

That opinion analyzes what are now Secs. 41-2140 and 41-2143. In discussing Sec. 41-2140, covering chattel mortgages, it is stated: "If its literal language is to control, then it would be impossible to hold possession under a chattel mortgage without violating the statute. Livestock, or an automobile, could not be taken, driven or carried away for any legitimate purpose without incurring its penalty. The same may be said of property held under a conditional sales contract."

The opinion then turns to the section relating to property held under conditional sales contracts, and states: "While the statute does not specifically provide that the prohibited acts must be done with a criminal intent, and therefore does not distinguish between legal and illegal selling, transferring, encumbering, concealing, taking, driving or carrying away the property, any other construction is inconsistent with the object, purpose and nature of such contracts. It is manifestly designed to protect the interest of the owner of the property, possession of which has been accorded the buyer under a conditional sales contract. The wrong inheres in hindering, delaying or defrauding the owner of his right and usual opportunities to repossess his property if the covenants of the contract are breached by the buyer. To deprive the owner of these rights and facilities by sale, permanent transfer or concealment from the owner is manifestly contrary to good

morals and the principles of the common law which are founded upon justice and right. The specific acts charged must have been actuated by such intent to constitute them a crime under either statute. (Citing cases.)"

■ Howard and at least one other witness testified that the cattle were moved to Hart, Texas, with the oral consent of Singleton because of bad range conditions on his ranch and his inability to secure grass elsewhere in New Mexico. While this testimony was denied by Singleton, the trial court believed Howard and his witness. This leaves us then with a case where the mortgagee orally consented to the removal of the cattle from their range into another state. Manifestly, under such facts, Howard was not actuated by a criminal intent in moving the cattle.

■ The claim of error on account of the refusal of the trial court to find that the cattle were moved without the *written* consent of Singleton must be denied. The finding would not help the defendant absent an additional finding of criminal intent.

■ Singleton testified that the complaint was filed on the advice of his then attorney, John E. Hall, a member of the bar of this state, and assigns error on account of the refusal of the trial court to so find. Hall was not called as a witness to corroborate this testimony, and there is evidence in the case to the effect that Singleton filed the criminal complaint because of the refusal of Howard to sell a ranch for $10,000 which he had bought on a contract. We do not have the situation here that was present in Heron v. Gaylor, 52 N.M. 23, 190 P.2d 208, where we held the trial court had arbitrarily disregarded all testimony of Heron. The action of the court in this regard was not erroneous.

The defendant next urges that the trial court erred in failing to conclude that probable cause existed to believe the plaintiff guilty of violating Sec. 41-2140, supra, and also, under the admitted facts, that as Singleton had not given his written consent to the removal, that probable cause existed for the institution of the criminal action.

■ The finding of the trial court that probable cause did not exist, and our view of the law as above expressed cause us to hold against the defendant on these claims.

What we have said disposes of the claimed errors argued in the brief of the defendant.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER and COMPTON, JJ., concur.

BRICE, C. J., not participating.